IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES JELLISON )
)
v. ) NO: 3:17-1434
)
CORE CIVIC, INC., et al. )

**TO:** Honorable Aleta A. Trauger, District Judge

### REPORT AND RECOMMENDATION

By Order entered May 21, 2018 (Docket Entry No. 8), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is Defendants' motion for summary judgment (Docket Entry No. 44), to which Plaintiff has not filed a response. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and this action be dismissed.

### I. BACKGROUND

James Jellison ("Plaintiff") is an inmate within the custody of the Tennessee Department of Correction ("TDOC") who is currently confined at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee. On November 6, 2017, he filed this lawsuit *pro se* and *in forma pauperis* against several defendants: CoreCivic, Inc. ("CoreCivic"),[1] CoreCivic CEO Damon

---

[1] CoreCivic is a private corporation that operates the TTCC pursuant to a contract with the TDOC.

Hinniger ("Hinniger"), TTCC Warden Blair Leibach ("Leibach"), TTCC Assistant Wardens Yolanda Pittman ("Pittman") and Jerry Wardlow ("Wardlow"), former TTCC Unit Manager Paul Oswald ("Oswald"), TTCC Sargent Jessica Garner ("Garner"), nurse practitioner f/n/u Smith ("Smith"), and TTCC Health Service Administrators Cynthia Pratt ("Pratt") and f/n/u Watt ("Watt"). Plaintiff seeks damages and injunctive relief based upon allegations that his civil rights have been violated at the TTCC since he arrived there on September 7, 2016. *See* Complaint (Docket Entry No. 1).

Plaintiff alleges that he has not received necessary and constitutionally adequate medical care for mental health issues related to his suffering from Post-Traumatic Stress Disorder and for orthopedic problems with his knees and shoulders. He contends that, for approximately eight months after arriving at the TTCC, he did not receive any medical treatment or his prescribed medications even though he filed sick calls for "atrocious pain" and mental psychosis. *See* Complaint at 6. He asserts that he was eventually seen on April 7, 2017, after filling out two sick call requests, but that the medical examination and treatment he was provided was minimal and ineffective. *Id.* at 7. For example, he alleges that the medical treatment plan that nurse practitioner Smith created for him did not include orders for bottom bunk placement, orthopedic shoes, limited walking and/or no prolonged standing, treatments which Plaintiff believes should have been included based on the nature of his medical issues. *Id.* He asserts that a better treatment plan and/or other medical treatments were not implemented even after x-rays of his knees, taken on April 26, 2017, showed continuing issues with his knees and that Defendant Oswald ignored his complaints that he needed to be placed in a bottom bunk and his obvious need for a bottom bunk. *Id*. at 8-9.

Plaintiff alleges that the lack of treatment continued even though he made numerous oral and written complaints to Defendants Pittman, Pratt, Watt, Leibach, Oswald, Garner, and Wardlow. *Id*.

2

at 9-15. He further contends that these supervisory officials took active steps to minimize his complaint about the health care problems he was experiencing and acted with deliberate indifference towards him by ignoring his complaints and implementing a Core Civic policy of saving costs by providing inmates with a lesser level of treatment than what was medically necessary. *Id.*

Upon initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff asserted colorable Eighth Amendment claims for relief under 42 U.S.C. § 1983 and directed that process issue to: (1) Defendant Smith in her individual capacity based on her alleged inadequate care of Plaintiff's medical and mental health needs; (2) Defendant Core Civic based on an alleged policy of putting the financial well-being of Core Civic and its shareholders above inmate medical care; and, (3) Defendants Leibach, Wardlow, Pittman, Oswald, Garner, Pratt, and Watt in their individual capacities based on their alleged actions or personal involvement in decisions affecting Plaintiff's care and well-being. *See* Memorandum entered May 21, 2018 (Docket Entry No. 7) at 16. All other claims asserted by Plaintiff were dismissed.[2]

Defendants Core Civic, Garner, Leibach, Oswald, Pittman, and Wardlow (hereinafter referred to collectively as "Defendants") filed answers to the complaint, *see* Docket Entry Nos. 25 and 43, and a scheduling order was entered providing for a period of pretrial activity in the action. *See* Docket Entry No. 48. Process for Defendants Smith, Pratt, and Watt was returned unexecuted with notations that they no longer worked at the TTCC. *See* Docket Entry Nos. 28-30. Plaintiff has not provided an alternative address for service of process upon these three Defendants or otherwise taken any steps to have them served with process.

---

[2] *See* Docket Entry No. 8 at 3 and Docket Entry No. 7 at 5-9 and 14.

On August 13, 2018, Plaintiff filed a motion for a temporary restraining order and preliminary injunction, which is currently pending. *See* Docket Entry No. 26. Plaintiff asserts that he is being irreparably harmed by a continued lack of medical treatment at the TTCC. Defendants have responded in opposition to the motion, arguing that there is no factual or legal basis to support the motion. *See* Docket Entry Nos. 34-39.

## II. MOTION FOR SUMMARY JUDGMENT

Defendants seek summary judgment under Rule 56 of the Federal Rules of Civil Procedure. They support their motion with: (1) a statement of undisputed material facts (Docket Entry No. 47); (2) the declaration of Oswald (Docket Entry No. 46); and (3) the declarations of Pittman (Docket Entry No. 36), Garner (Docket Entry No. 37), Leibach (Docket Entry No. 38), and Wardlow (Docket Entry No. 39), which were previously filed in support of Defendants' response to Plaintiff's motion for a preliminary injunction and temporary restraining order.

Defendants raise several arguments for summary judgment in their favor. First, they assert that Plaintiff did not exhaust his available administrative remedies at the TTCC prior to filing his lawsuit and his claims are, thus, subject to dismissal under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e for failure to exhaust. Second, Defendants argue that there is no evidence showing that Plaintiff's constitutional rights were violated by any individual Defendant and no evidence showing that CoreCivic has an unconstitutional policy or custom of denying or limiting medical care to inmates. Finally, Defendant contends that the applicable one year statue of limitations bars any claims arising prior to November 3, 2016, and that there is no evidence that Plaintiff suffered a physical injury that is sufficiently serious to satisfy the physical injury

4

requirement of 42 U.S.C. § 1997e(e). *See* Memorandum in Support of Motion for Summary Judgment (Docket Entry No. 45).

Plaintiff was notified of the motion, informed of the need to respond, and given an initial deadline of October 12, 2018, to file a response. *See* Order entered September 6, 2018 (Docket Entry No. 49). Although Plaintiff requested and was granted an extension of time to November 16, 2018, to file his response, *see* Order entered October 16, 2018 (Docket Entry No. 52), he has not filed a response to the motion for summary judgment.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. Once the moving party has presented evidence sufficient to support a motion for summary judgment, the non-moving party must present significant probative evidence to support the complaint. *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert.*

*denied*, 531 U.S. 875 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896 (2001).

## IV. CONCLUSIONS

A. <u>Eighth Amendment Standards</u>

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Although this standard does not require a showing that the Defendant acted with a purpose or intent to inflict harm, the standard is nonetheless a high standard and is not satisfied by a showing of negligence. *See Estelle*, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment); *Comstock*, 273 F.3d at 703. Plaintiff must show more than medical malpractice or negligence on the part of Defendant because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." *Comstock*, 273 F.3d at 703. *See Estelle*, 429 U.S. at 105; *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990); *Roberts v. City of Troy*, 773 F.2d 720, 724 (6th Cir. 1985).

B.  Plaintiff's Claims and Summary Judgment

Although the allegations in Plaintiff's complaint were sufficient to permit the case to survive initial frivolity review and to have process issued to several Defendants, Plaintiff has not responded to the arguments for summary judgment made by Defendants in their dispositive motion, has not responded to Defendants' statement of undisputed facts as required by Local Rule 56.01(f),[3] and has not set forth any evidence supporting his claims.

When a motion for summary judgment is properly supported under Rule 56, such as Defendants' motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). The Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL

---

[3] Local Rule 56.01(f) provides that Plaintiff's failure to respond to Defendants' statement of undisputed facts shall deem the asserted facts to be undisputed for the purposes of summary judgment. Accordingly, the Court is permitted to rely upon the facts set forth by Defendants as the undisputed facts.

996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").

Plaintiff's lawsuit should be dismissed in its entirety because he has not shown that he exhausted his available administrative remedies prior to bringing the lawsuit. Pursuant to 42 U.S.C. § 1997e(a) of the PLRA, a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies before filing a lawsuit about the conditions. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). If there is a grievance procedure available to inmates, the prisoner plaintiff must present his grievance through "one complete round" or through all the steps of the administrative grievance procedure in order to satisfy the exhaustion requirement. *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). The failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must raise and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Once the defense of failure to exhaust is raised and supported, the burden is on the prisoner plaintiff to present evidence showing that he has complied with the PLRA's requirement of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

Defendants have set forth evidence that (1) a three step procedure exists at the TTCC that allows inmates to file grievances for issues relating to their conditions of confinement, and, (2) Plaintiff failed to file any grievances at the TTCC. *See* Declaration of Garner at ¶¶ 3-4. Although Plaintiff alleges in his complaint that grievances were destroyed or not processed by prison

officials and he attaches to his complaint a grievance that he filled out but did not submit, *see* Complaint at 5-6 and Docket Entry No. 2 at 3-4, in the face of the motion for summary judgment, Plaintiff must do more and must rebut Defendants' exhaustion defense by presenting "significant probative evidence" showing compliance with the PLRA. *See Napier*, *supra*. Plaintiff has not met this burden. Indeed, he has not even responded to the motion for summary judgment. Accordingly, Plaintiff's lawsuit should be dismissed because of his failure to comply with the mandatory exhaustion requirement of the PLRA.

Although Defendants' failure to exhaust defense is a complete defense to Plaintiff's lawsuit, the Court also finds that the Defendants who are before the Court are entitled to summary judgment on the merits of Plaintiff's claims. Plaintiff is not entitled to a trial merely on the basis of allegations, *Goins*, *supra*, and he must buttress the allegations of his complaint with evidence supporting his claims. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Plaintiff has not done so with respect to his claims. Based on the evidence before the Court, no reasonable jury could find that any of the Defendants acted in a manner that was inconsistent with Plaintiff's Eighth Amendment right to be free from deliberate indifference to his serious medical needs. *Estelle, supra*.

Defendants Leibach, Wardlow, Pittman, Oswald, and Garner are not alleged to be medical staff members or providers who are or were directly involved in the provision of medical care to Plaintiff. Instead, Plaintiff's claims against them are that they knew about his medical needs, had some kind of role in making decisions that impacted how medical care was provided to him, and acted in a manner that limited the medical treatment that he received. While Plaintiff's claims are based on a colorable theory of liability, at the summary judgment stage, he must present actual,

9

affirmative evidence supporting the claims and upon which a reasonable jury could find a basis for constitutional liability against these Defendants. Such evidence is not before the Court. The individual Defendants cannot be held liable under Section 1983 for constitutional violations absent a showing that they were personally involved in some manner in the allegedly unconstitutional conduct. *Miller v. Calhoun County*, 408 F.3d 803, 817, n.3 (6th Cir. 2005); *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). There is simply no actual evidence showing that these Defendants personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, any decisions regarding Plaintiff's medical care that amounted to or caused deliberate indifference to his serious medical needs. Such evidence is required for a claim against these Defendants. *See Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Defendant Core Civic is alleged to have implemented a policy at the TTCC that limited or restricted the medical care provided to inmates based not upon medical decisions or diagnosis, but upon the goal of decreasing medical care costs at the TTCC in order to financially benefit Core Civic and its shareholders. Again, Plaintiff has simply not provided any evidence that shows the existence of such a policy or the existence of any other custom or practice regarding the provision of medical care at Core Civic that would support a finding of constitutional liability against Core Civic. Such proof is required for a claim against this Defendant. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). There must be evidence of a direct causal link between an official policy or custom and the alleged constitutional violation. Otherwise, a Section 1983 claim will not lie. *See City of Canton v. Harris,*

489 U.S. 378, 385 (1989); *Doe v. Claiborne Cnty., Tenn.*, 103 F.3d 495, 507-09 (6th Cir. 1996). *See also Thomas v. City of Chattanooga*, 398 F.3d 426, 433 (6th Cir. 2005) ("the plaintiff bears a heavy burden in proving municipal liability, and he cannot rely solely on a single instance to infer a policy of deliberate indifference.").[4]

**RECOMMENDATION**

Based on the forgoing, the undersigned respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 44) of Defendants CoreCivic, Inc., Jessica Garner, Blair Leibach, Paul Oswald, Yolanda Pittman, and Jerry Wardlow be GRANTED and that the claims against them be DISMISSED WITH PREJUDICE.

Defendants f/n/u Smith, f/n/u Watt, and Cynthia Pratt have not been served with process in the action. Accordingly, they should be DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[5]

In light of the dismissal of all claims and Defendants in this action, Plaintiff's motion for a temporary restraining order and preliminary injunction (Docket Entry No. 26) should be DENIED as moot.

---

[4] A claim premised upon a theory that a policy of Core Civic caused a constitutional deprivation is analyzed in the same manner as a claim against a governmental municipality under Section 1983. *See Starcher v. Correctional Med. Sys., Inc.*, 7 Fed.App'x. 459, 2001 WL 345810 (6th Cir. March 26, 2001) (unpublished) (applying policy requirement to private health care entity in prison medical care case).

[5] This report and recommendation constitutes the requisite notice of the intended dismissal under Rule4(m).

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

        Respectfully submitted,

        BARBARA D. HOLMES
        United States Magistrate Judge